Raymond C. Galbiati, Appellant *v.* Borough of West Hazleton, Appellee.

Submitted on briefs, April 6, 1979, to Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Robert J. Gillespie, Jr.,* and *Bigelow, Gillespie & Cooper,* for appellant.

*Anthony J. Dixon* and *Thomas J. Sharkey,* for appellee.

OPINION BY JUDGE ROGERS, May 3, 1979:

The subject matter of this litigation, which has been at issue successively before the West Hazleton

Borough Council, the Borough Civil Service Commission, the Court of Common Pleas of Luzerne County and now this Court since February 1973, is the propriety, or not, of the suspension for sixty days of the appellant, Raymond C. Galbiati, as a Borough policeman. The suspension was for Galbiati's failure to become a resident of the Borough "within six months" as required by a Borough civil service regulation. We agree with the Civil Service Commission and the court below that the suspension was proper.

The appellant says that he could not be lawfully suspended because the regulation, which requires residency in the Borough "within six months," is vague and uncertain with respect to the time when the six months' period should commence. There seem to us in the circumstances to be only two dates on which the six months' period for compliance could be taken to have commenced, either the date of Galbiati's appointment to probationary status on the force or the date of his regular appointment at the end of the probationary period. Since Borough Council quite reasonably interpreted its regulation to mean that the time for compliance should begin at the time of regular appointment and notified the appellant to comply with the residency requirement within six months from that date, his complaint on this score is meritless. This is especially so because after the original notice to comply Council gave the appellant extensions, one as late as sixteen months after his appointment to regular status. Further, the appellant's testimony at the Civil Service Commission hearing was that he didn't move to the Borough, not because of uncertainty as to the meaning of the regulation, but because of asserted difficulty in finding a residence in the Borough.

In view of the appellant's clear violation of the residency requirement, the sole basis of his suspension,

his argument based on Council's asserted *ex parte* consideration of his service record in making the suspension is without merit.

Order affirmed.

ORDER

AND Now, this 3rd day of May, 1979, the order below made April 25, 1977 is affirmed.